Mathews, J.
delivered the opinion of the court. This suit was instituted by the appellant, who was plaintiff in the court below, to recover a lot of ground, in the city of New-Orleans, as described in the petition. The defendant, in his answer, claims title to the property in dispute by purchase and by prescription.
The facts in the case show that the appellant was the owner of the lot for which she now sues—that in the month of January, 1806 : being then eighteen years old, she and her mother, her natural tutrix, applied to a judge of the superior court of the late territorial government, for permission to sell the lot, by a petition, in writing. And that an order was obtained from the judge, authorising the sale, as requested, and requiring security on the part of the seller for the price. The petition and order of the judge are incorporated in the act of sale, made by the mother, as tutrix of her daughter, to the defendant and appellee. Under this sale, he has been more than ten years in possession, since the plaintiff came to the age of majority, and before bringing this suit.
On these facts, two questions of law are raised for the consideration of this court. Did the conveyance transfer the property to the defendant ? If *630 it did not, is it a title sufficient to support a plea of prescription ?
As to the first of these questions, we are of opinion, with the counsel of the appellant, that the act of sale was so informally and illegally made, as not to convey a valid or indefeasible title to the appellee. Tutors have no right to sell the immoveable property of their wards, unless under par
ticular circumstances and conformably to specific formalities prescribed by law. These are fully laid down in Partida 3, 18, 60, which was in full force, at the time the sale was made, and were not complied with.
Whether or not the conveyance be a sufficient foundation for the prescription of ten years, is a question of more difficult solution.
To acquire an indefeasible right to property, under the prescriptions of ten and twenty years, a just title, good faith and uninterrupted possession are necessary on the part of the possessor. These are fully explained by different writers on the subject. A sale made in due form, which would be translative of property, if the seller were the real owner, although he be not, if the purchaser be ignorant of that fact, is a title sufficiently just to prescribe under. The good faith requisite for prescrip *631 tion is an honest belief by the possessor that he has acquired a title to the property which he possesses : justa opinio quœsiti dominii. In the present case, there is no dispute about the manner or uninterruption of the possession.
There is no doubt of the act of sale under consideration being sufficiently formal, had the seller transferred the property as her own, to have given a title to the defendant sufficiently just to prescribe under, if he was ignorant of the fact that the property sold belonged to another person. If the sale had been made by the minor, in propriâ personâ, being above the age of fourteen years, it is believed that, according to the 59th law of the Partida, above cited, it might be a good foundation for the prescription relied on by the defendant, and he ought to be considered, under that law, as a possessor under a just title and in good faith. But the deed has neither of these forms : it purports to be a sale, made by a tutrix of the property of her ward, and as such is wholly informal and illegal, the requisites of the law cited not having been complied with. The vendee saw most clearly that he was purchasing from one person the property of another, and qui sciens alienam rem emit pro emptore possidet, licet usu non capiat, ff. 41, 4, 2.
*632 From the order of the judge, it is presumable that the defendant believed that he gained a just and legal title to the lot, under the act of sale, supposing that all the formalities required by law had been complied with. In this he mistook the law : for the manner of sale and forms required by law were not pursued ; et nunquam in usucapionibus, juris error possessori prodest. ff. eod. lib. 3, 31,
However much the commentators of the Roman law have differed the one from the other, and the same person from himself at different periods, on the subject of mistakes of law, they seem to agree in this, that juris error is never a good foundation for acquiring property. 2 Evan’s Pothier, 409, d'Aguesseau's dissertation, 2.
In the opinion of the district court, it is assumed as true that the act of sale, under which the defendant claims a right by prescription, was executed in due form, as required in such cases by law. This is not so. In sales, made by tutors of the real estate of their pupils, it is required by the 60th law of the Partida above cited, that in addition to the order of the judge, authorising the sale, the property be advertised during a certain length of time, and that it be sold at auction, &c. all which is to be expressly mentioned in the deed. The title of the defendant *633 and appellee, being defective in this respect, cannot be the basis of the prescription. Cod. Civ. 488, art. 70. Possessors do not acquire a right to the property purchased by them, in virtue of the kind of prescription, by which the defendant attempts to make out his title, in the present case, solely in consequence of the real owner not pursuing his rights and making his title known, within the period limited by law. A colourable title and good faith on the part of the possessor (as we have already shown) form the legal basis of a right gained by prescription of the shorter period. In prescribing by a lapse longi temporis, wherein no title is necessary, the right is lost to the owner and acquired to the possessor entirely by the latches and acquiescence of the former. The neglect of the plaintiff and appellant, in not claiming the property, within the ten years since she came of age and her acquiescence under the possession of the defendant and appellee, do not, in our opinion, amount to a confirmation of title in the latter, for the reasons above adduced.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and this court proceeding to give such a judgment as in their opinion ought to *634 have been given below, it is further ordered, adjudged and decreed that the plaintiff and appellant do recover, from the defendant and appellee, the lot of ground, &c. described in the petition, and that the latter pay costs.